IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

MAY 1 1 2005

Michael N. Milby, Clerk of Court

_CLYDE E. SOPHUS_        , *
(Full Name) Petitioner       *
                             *
_444590_                     *
(Prisoner Number)            *
                             *
                             *
_____    *
(Name under which convicted if  *
not the same as above)       *
                             *
        V.                   *      CIVIL ACTION NO. **H-05-1694**
_GARY L. JOHNSON_        , *      ( To be supplied by the Clerk
Respondent                   *        of the District court.)
                             *


PETITION FOR WRIT OF HABEAS CORPUS OF A PERSON IN STATE CUSTODY

Instructions - Read Carefully


This packet includes three copies of a petition form and two copies of a forma pauperis petition. To start an action you should file an original and two copies of your petition. You should also keep an additional copy of the petition for your own records. All copies of the petition should be identical to the original.


Your petition must be legibly handwritten or typewritten. You must sign and swear to the petition. If you need additional space to answer a question, you may use an additional blank page.


In order for this petition to be filed, it should be accompanied by the filing fee of $5.00.


If you are unable to pay the filing fee and service costs for this action , you may petition the court to proceed in forma pauperis. Two blank petitions for this purpose are included in this packet. One copy should be filed with your petition; the other copy is for your records. After filling in the petition, have it notarized by a notary public or other officer authorized to administer an oath, or verify it pursuant to 28 U.S.C. §1746.


You will note that you are required to give facts. THIS PETITION SHOULD NOT CONTAIN LEGAL ARGUMENTS OR CITATIONS.


When these forms are completed, mail the original and the copy to the Clerk of the United States District Court for the Southern District of Texas, P.O. Box 61010, Houston, Texas, 77208.

SA-2

## I. BASIS FOR HABEAS CORPUS RELIEF

A. List specifically and separately the grounds on which you challenge the fact or duration of your confinement. {Do not elaborate in this section.}

1. Alteration of Sentence / Double Jeopardy

2. Denied Street-Time Credit.

3. Denied Good-Time Credit.

4. Improper Revocation of Parole or Mandatory Supervision.

B. State concisely, and in the same order as in the preceding I.A., the facts which support each of those grounds and the manner in which the U.S. Constitution was violated. {You may elaborate here.}

1. Applicant sentence was altered by the Parole Board, which has no jurisdiction to do so. Applicant did not received a NEW Felony conviction, for his sentence to be extended. Applicant also was put under House arrest after serving 13 yrs 8 mos calender time, from the day He was release to the time He was revoked. (continue) next page

2. Applicant was still in the custody of the State of Texas, when he was on mandatory supervision, and His time nevered stop running. Applicant Street-Time is being added to his sentence without court order, which is unlawfully adding to the Applicant original sentence. (continue next page)

3. Applicant did not lose Good-Time awarded by the State, in any disciplinary action, while in T.D.C.J.-ID, nor did He give anything to the Board of Pardon And Parole he earned. The State do not pay with money, instead with good-time to shorten offenders sentence. (continue next page)

4. The Board of Pardon and Parole is intentionally causing a over "flow" of prisons in Texas, by improperly revoking offenders without NEW Felony convictions. They are illegally twisting laws to justify their action, and over-riding courts "Judgement + sentence" of the system. Technical violation does not mean send them back to prison. (continue next page)

Part II of B 1 thru 4

(1). Applicant was not given a chance to work in a proper manner, nor provide for his Son & Daughter. Due to ridiculous schedulins by the parole officer. The Board of Pardon and Parole has been illegally altering offenders "Judgement & Sentence" of the court, by adding street-time to offenders original sentence of the courts. Petitioner has a 30 yr. sentence from the courts, but now offender has a 34 yr. sentence, because T.D.C.J.-I.D. & B.P.P. has illegally extended his said sentence. (See offender Sophus daily schedulins) Exhibit D-10 pages. For a offender to keep comeing to Prison under the same charges, without pickins up a New Felony Conviction, and has to shortway discharge his sentence over again, is very much Double Jeopardy. T.D.C.J.-I.D. and Board of Pardon and Parole is using New laws to continue punizshing offenders thats under the 65th Legislation. There is "NO" retroactive laws in Texas that suppose to apply, unless it helps the offender. These two Branches of power (T.D.C.J.-I.D.) & (B.P.P.) is abusing their authority.

(2). The Judge gave petitioner a continuing sentence from Feb. 5, 1987 to Dec. 2016. Anything after the Judgement and sentence of the court, is unlawfully confinement. T.D.C.J.-I.D. & B.P.P. has "NO" jurisdiction to increase sentence.

(3). Especially, those under the 65th Legislator, who has a short way discharge date. If the State paid offenders in American currencys, and we go home, do we give the money back? This would be call Free slave labor. This is very much unconstitutional and T.D.C.J.-I.D. & B.P.P. is showing the Federal Government that they can do anything they want. T.D.C.J.-I.D. & B.P.P. is causing a major →

conflict within the State of Texas. To many federal &
Stated laws are being broken by these two Branches.

(H). Parole condition is to be modified on the streets.
Without a New Felony conviction, why send offender
back to prison for being for appointment, dirty UA,
didn't pay fees on time, or for not reporting?

(I). T.D.C.J.-I.D. & B.P.P. is manipulating
Texas citizens with an over-flow of prison population,
when in fact, these two branches is combinedd with
one another to build more prisons.

(II). Knowly and intentionally, these two branches
is operating a illegal system for Federal funding and
increase of tax payers money.

All in all, this hindious behavior is hurting
and crippling the families of offenders. Offenders
thats trying to work and provide for theur families,
without breaking the law by not committing a
NEW FELONY CONVICTION. These repeated unnecessary
incarselation, committed by the Parole Board, by
improperly revoking offenders, has to be put to a
stop by the Federal Court.

C.   Complete the following as to all grounds listed in I.A.

1.   The following grounds have been presented previously to this or another court (such as appeal, habeas corpus- state, habeas corpus-federal, etc. The proceeding will be further identified in Aticles II and III.)

| Ground No. | Proceeding in Which Presented |
|---|---|
| 1 | HABEAS CORPUS - STATE |
| 2 | HABEAS CORPUS - State |
| 3 | HABEAS CORPUS - State |
| 4 | HABEAS CORPUS - State |

2.   The following grounds have <u>not</u> been presented previously for the reason indicated:

| Ground No. | Reason Not Presented |
|---|---|
| | |

## II. CONVICTION AND APPEAL

A.   The prison unit in which you are confined:  GARZA WEST  TF

B.   Name and location of the court which imposed the sentence(s) under which you are confined:  HARRIS COUNty DISTRICT COURT (262)

C.   The indictment or criminal information  number(s) of the case and the offense(s) for which sentence was imposed:

1.   # 463357  /  Agg. Robbery
2.   # 463354  /  Agg. Robbery
3.   # 437353  /  Robbery

D.   The date upon which sentence was imposed and the terms of the sentence:

1.   Feb 5, 1987  /  30 yRS  /  CC
2.   Feb 5, 1987  /  30 yRS  /  CC
3.   Feb 5, 1987  /  30 yRS  /  CC

3

E.   What was your plea?

　　　1.   Not guilty _____     2.   Guilty ___✓___     3.   Nolo contendre _____

F.   If you were found guilty after a plea of not guilty the finding was made by:

　　　1.   Judge without a jury __✓__          2.   Jury _____

G.   Did you appeal from the judgment of conviction or the imposition of sentence:

　　　1.   Yes _____     2.   No __✓__

H.   If you did appeal, complete the following:

　　　1.   The name and location of each court to which appealed:

　　　　　a. _____

　　　　　b. _____

　　　　　c. _____

　　　2.   The date and result of action by each appellate court:

　　　　　a. _____

　　　　　b. _____

　　　　　c. _____

　　　3.   If known, the citations to any written opinion or orders entered pursuant to such appeals: (If available, attach a copy of any opinion or order. A copy should be attached to each of the Habeas forms).

　　　　　a. _____

　　　　　b. _____

　　　　　c. _____


### III. POST-CONVICTION RELIEF

A.   Prior to this petition have you filed with respect to this conviction (other than direct appeal):

　　　1.   Any petition in a court of the State of Texas for habeas corpus relief pursuant to Article 11.07, Texas Code of Criminal Procedure?
　　　　Yes __✓__     No _____

　　　2.   Any petition in federal court for habeas corpus relief?
　　　　Yes _____     No __✓__

　　　3.   Any petition in a state court by way of coram nobis?
　　　　Yes _____     No __✓__

4

4. Any petitions in the United States Supreme Court for Certierari other than petitions, if any, already specified in 11-H?
   Yes _____   No __✓__

5. Any other petitions, motions or applications in this court or any other court?
   Yes _____   No __✓__

B. If you answered "Yes" to any part of III-A, list with respect to each such petition, motion or application:

1. The type or name of each petition, motion or application:
   a. _WRIT OF HABEAS CORPUS - STATE_
   b. _____
   c. _____

2. The name and location of the court in which each was filed:
   a. _HARRIS County District Court  (262)_
   b. _____
   c. _____

3. The name of the court, and the date, in which any evidentiary hearing was held:
   a. _CRIMINAL Court of Appeal_
   b. _____
   c. _____

4. The date and disposition by each court:
   a. _07 / 29 / 04  /  HARRIS County District Court_
   b. _08 / 31 / 04  /  CRIMINAL Court of Appeal_
   c. _____

5. If known, the citations to any written opinions or orders entered pursuant to each such disposition. (If available, attach a copy of any such opinion or order to each Habeas form.)
   a. _CRIMINAL Court of Appeal dismissed without written order._
   b. _____
   c. _____

## IV. REPRESENTATION BY COUNSEL

A.   Were you represented by an attorney at any time during the course of the following proceedings:

   1.   Arraignment and plea? Yes __✓__   No _____

   2.   Trial, if any? Yes __✓__   No _____

   3.   Sentencing? Yes __✓__   No _____

   4.   Appeal, if any, from the judgment of conviction or the imposition of sentence?
        Yes __✓__   No _____

   5.   Preparation, presentation or consideration of any petitions, motions or application with respect to this conviction(s), which you filed? Yes __✓__ No _____

B.   If you answered "Yes" to one or more proceedings of IV-A above, list the number of such proceeding(1-5), the name and address of each attorney who represented you and whether he was retained by you or was appointed by the court, by completing the following:

| Above proceeding No. (1-5) | Name & address of Counsel | Retained (R) or Appointed (A) |
|---|---|---|
| 1 | Eli Bennett | (A) |
| 3 | Eli Bennett | (A) |
| 4 | Eli Bennett | (A) |

## V. FILING FEE

Filing fee of $5.00 is enclosed (   ), or I will seek leave to file in forma pauperis (   ). If filing in forma pauperis, sworn affidavit in forma pauperis is attached.

Signed this ____5____ day of ____MAY____ , 2005 .

_____
(Signature of Petitioner)

6

## VERIFICATION

State of Texas          )

                                )

County of _____ _____ )

_____,being first duly sworn, under oath, says: that he is the petitioner in this action and knows the content of the above petition; that it is true of his own knowledge, except as to those matters that are stated in it on his information and belief, and as to those matters he believes them to be true.

_____

(Signature of affiant-petitioner)

Subscribed and sworn to before me this _____ day of _____ .

_____

(Notary Public or other person)

Mr. Clyde O. Stephens # 444590

Garza West TF

4250 Hwy. 202

Beeville, Texas 78102

H-05-1694

Clerk of the United States

District Court for the

Southern District of Te...

P.O. Box 61010

POSTAGE D

2005

United States Courts
Southern District of Texas
FILED

MAY 11 2005

Michael N. Milby, Clerk of Court

Clyde E. Sophus           *
#444590                   *
        v.                * CIVIL ACTION H-05-1694
(Executive Director)      *
Gary L. Johnson           *

Petition Under 28 USC § 2254 For Writ of Habeas
Corpus By a Person In State Custody

To: Honorable Judge of Said Court:

Now Comes: Clyde E. Sophus   T.D.C.# 444590
Petitioner, in the above style and numbered cause through his
own pro se litigation hereby presents this petition for writ
of Habeas Corpus of a person in state custody. Petitioner re-
spectfully shows this court that (Executive Director) Gary L.
Johnson of Texas Department of Criminal Justice Institional
Division has petitioner unlawfully confined and the petitioner
is still being denied calender-time done as street-time
successfully earned while on mandatory supervision. Also
petitioner is being denied good-time earned, while in
the physical custody of the state. Petitioner is not educated
in the letter of law in forming motions or writs to the
court and cites:
          Haines -vs- Kerner 404 U.S. 519 92 Sct. 594
          (1972): As "He shall be held to a lesser standard."

I.

Facts of the Case

Petitioner originally filed application of writ of Habeas
Corpus for denial of flat-time credit done as calender

(1)

Time while on Mandatory Supervision on 7 day of June 2004. In His Application, Petitioner raised claims to support his request for Relief, thus proving the Texas Department of Criminal Justice Institutional Division and the Board of Pardons and Parole are Arbitrarly and Capriciously Denying Petitioner Time Credits Earned while under their consistant custody, under the 65th Legislator law when Petitioner crime was committed. Criminal Court of Appeals denies All claims made by Petitioner, but has not made valid conclusions, which if true would deny petitioner the relief He seeks from this Court. Petitioner Now makes the following claims in this petition and will support each with Authorities.

## II

### Argument and Authorities

(1). Petitioner Asserts that He; the petitioner should be credited with all "Flat-Time" credit served in custody in connection with the offense for which He has been "Sentenced." The state denies this fact eventhough it is clear by the Judgement and Sentence record that the trial Court or Jury found petitioner guilty and sentenced him to 30 years. Any extension of his Amount of time increases the Punishment and Range of time petitioner will spend in the physical and legal custody of the State of Texas. The law is clear when it reads, in Gov. Code. 508, 142 A,B,C, 148 ABC. A parolee shall be required to serve out the whole term of his sentence. Further it has been held that in order to extends one sentence, it has to be accompanied by factual Data on which increased sentence was based and objective information concerning identifeable conduct on part of Defendant, which occured after time of orginal sentencing proceeding and which would justify

−2−

INCREASED SENTENCE. (BINGHAM -vs- STATE), 523 S.W. 2d 948. TEX. CR. App. 1975).

How CAN ANY CONSTITUTIONAL FAIRNESS ARRISE WHEN A IN-DIVIDUAL IS SENTENCE to do A SPECIFIC AMOUNT OF TIME by the TRIAL COURT WHO IS THE JUDICIAL BODY IN THE BRANCHES OF GOVERNMENT, AND THEN (T.D.C.J.-I.D.) THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE INSTITUTIONAL DIVISION AND TEXAS (B.P.P.) BOARD OF PARDONS AND PAROLE EXTENDS THAT TIME AND CONTINUES TO EXTENDS, THAT TIME EACH TIME A PERSON IS RECONFINED FOR VIOLATIONS, THAT DON'T CONSTITUTE A NEW FELONY CONVICTION. THE RECONFINEMENT OF APPLICANT (PETITIONER) IS MAINLY DUE TO THE INSTITUTIONAL DIVISIONS FAILURE TO UP HOLD ITS MISSION OUTLINED BY LAW IN TEX. GOV. CODE 494.001. IT READS: "THE MISSION OF THE INSTITUTIONAL DIVISION IS TO PROVIDE SAFE AND APPROPRIATE CONFINEMENT, SUPERVISION, REHABILITATION, AND RE-INTEGRATION OF A OUT FELONS, AND TO EFFECTIVELY MANAGE OR ADMINISTER CORRECTIONAL FACILITIES BASED ON CONSTITUTIONAL AND "STATUTORY STANDARDS"... PETITIONER CONTENDS THAT THE STATE HAS FAILED TO MEET THIS MISSION AND THEREFORE HAS VIOLATED THE GOV. CODE 494.001 GUIDLINES. PETITIONER IS BEING PUNISHED BY NEW LAWS THAT'S IN EFFECT. IN THAT, PRIOR TO HIS RELEASE AND WHILE HE WAS ON MANDATORY SUPERVISION, PAROLEE RECEIVED NO REHABILITATIVE RESOURCES, NOR WAS THERE ANY ASSISTANCE WITH HIS RE-INTERGRATION INTO SOCIETY. INSTEAD, PETITIONER WAS PLACED ON "HOUSE ARREST" (MONITOR) THE WHOLE TIME ON MANDATORY SUPERVISION. (SEE EXHIBIT A: SPECIAL CONDITION "SISP") - (1 OF 4). THE STATE IS NOT JUSTIFIED BY ANY CONSTITUTIONAL STANDARDS TO DENY PETITIONER ANY FLAT-TIME NOR GOOD-TIME HE HAS EARNED.

(2). PETITIONER FURTHER ASSERTS THAT THE SIGNING OF HIS MANDATORY SUPERVISION CERTIFICATE WAS AN ACT UNDER DURESS AND THEREFORE ANY CONDITIONS OUTLINED THEREIN ARE VOID. BY TEXAS LAW THE PAROLE CERTIFICATE IS A CONTRACT AND IN

ORDER FOR A CONTRACT BETWEEN PARTIES to be binding, the following elements must exist; (1) AN OFFER (2) AN ACCEPTANCE IN strict compliance with the terms of the offer. (3) A meeting of the minds. (4) Each party's consent to the terms, AND (5) Execution AND delivery of the contract with the intent that it be mutual and binding. Copeland —vs— Brooks 3 s.w. 3d 598 Under the Provisions of (T. B. P. P.): Texas Board of Pardon AND Parole Rules Sec. 145. 20 (c). THE Parole certificate shall not become effective and in force until the conditions are "Agreed to," signed AND Accepted by the OFFENDER... This rule can not be met if the OFFENDER is Threatens AND not be given Adequate explanation of the conditions, NOR granted counsel to Assist him with such a critical proceeding.

THERE ARE CLEARLY conditions that are outlined in the back side of parole certificate that NO Parolee can honestly abide by, due to their severity in nature and language. For example Rule # 6 "THE Release shall AVOID ASSOCIATION with persons of criminal back Ground." This Rule is extreme in that many offenders have Mothers, Fathers, Sisters Brothers, and children or other relatives on parole or that have a criminal back Ground. Also, Parole interviews with other offenders, at the parole office. THE rule does not specify to what extent a criminal background plays apart in the rule. It just simply reads a criminal background.

Petitioner contends that though he signed under Duress, He did not "Agree to nor did he Accept the conditions of the parole certificate or Mandatory Supervision As required IN Rule 145. 20 (c) Therefore All Flat-Time And Good-Time while under the legal custody of the State should be Granted. By Rule 145.20 (c) to sign Alone, does not Activate parole certificate As A contract. It MUST be Agreed to AND Accepted. THERE IS nothing IN the States record to Prove OFFENDER

understood what he was signing to, agreed to it or accepted it. Offender cites: Clifford -vs- Beto C.A. 5 (Tex. 1972) 464 F. 2D 1191. Parole does not occur when the Governor indicates his approval by signing the parole summary sheet, rather the potential parole cannot be said to have been paroled until the certificate of parole has been signed by them.

(3). Since under T.C.C.P. Art. 42.18 the offender is binded contractually by the parole certificate. Texas Law Governoring contracts should and must apply if the document is to have any merit or constitutional fairness. With this in mind, duress is a valid ground for cancellation of instruments. Cites: As Lewkowicz -vs- ElPaso Apparel Corp. 614 S.W. 2d. 198. Offender raised his argument in his original petition. However the State has made an invalid response denying this fact of law. Further duress maybe evidenced when threatening party acts oppressively to further his own economic intrest. State National Bank of ElPaso -vs- Farrah M.F.G. Co. Inc. 678 S.W. 2d. 661.

The T.D.C.J.-I.D. is a system operated over 70% by inmates prisoner **labor**. This labor is economically benificial to the Texas Dept. of Crim. Justice; because to hire civilian laborers who are skilled and trained to do the same jobs inmates do would be economically disastrous. The system is flooded with nearly 150,000 (one hundred and fifty-thousand) prisoners state wide and petitioner like most other prisoners are forced to work for free. This labor is the foundation of all T.D.C.J. functions. Since this is the case, duress is evident when parole division representatives threaten offender into signing parole certificate, especially without the proffessional advice of an attorney. Cite Also: Duress is a threat to do some act which threatening party has no right to do:

Threat must be of such character as to destory free agency of party to whom it is directed and must overcome his will and cause him to do that which He is not legally bound to do. Baily-vs-Arlington Bank and Trust Co. 693. s.w. 2d 787. Without valid contract between parolee and Texas Board of Pardon and Paroles, no valid conditions were established for parole and though due to the Judgement and Sentencing of the trial court, the parolee was under legal custody of the State. His street-time done as Flat Calender time while on parole can not be taken without violation of His Constitutional Rights. See also: T.C.C.P. 42.12 Sec. 15 (G). Petitioner is a 65th Leg. Inmate. New Laws, should not apply to him.

(H). Petitioner argued in his original petition that the State provided Him with no legal counsel during proceeding which required him to be competent while signing parole certificate held as contract by States Gov. Code. Art. 508.154. The States denies this part and states," He fails to cite authorities to break up this claim." Petitioner hereby argues that in His petition He cited the 6th Amendment of the U.S. Constitution, which is the most critical element in establishing ones Right to effective assistance of counsel. Many Courts have made rulings to interpret its use and it has been found under All critical proceedings involving Legal issues. All persons have a Right to counsel. The petitioner is not educated in the law and since it is true, parole certificate is the critical element which binds the parolee to conditions outlined therein. It is legally reasonable to conclude some form of legal advice is required. Parole certificate by Rule : 145.20 (C) and Gov. Code. 508.154 is the basis for conditional release and freedom, and has the power to affect the entire liberties invested to all citizens in

the U.S. under the 5th Amendment of the U.S. Constitution.
Petitioner hereby cites: Strickland -vs- Washington 466
U.S. 688 (1984) U.S.S.C. And contends He has made valid
arguement which requires relief.

(5). The States cites Tex. Gov. Code, Art 508. 283 (c) which reads"
" If a persons parole, mandatory supervision, or conditional
pardon is revoked, the person "May" be required to serve
the remaining portion of the sentence on which the person
was released. The remaining portion is computed without
credit for the time from the date of the persons release
to the date of revocation." Petitioner hereby contends that
this Art. of the Gov. Code. is "Ambiguous" in that it does
not state with clarity, that if the parolee is revoked He
will in fact by all means be required to serve the re-
maining portion. Also, these condition should not apply, if
petitioner was improperly revoked, without a NEW FELONY
Conviction. The words "May-Be" by the definition in the
MERRIAM - WEBSTER dictionary, the word MAY, means might.
It bears no certainity that an action will happen. Since
the code in 508. 283 (c) does not outline the circumstances
a person maybe required to have to serve His remaining
sentence. The Legislative intent is unclear - and maybe
manipulated by those having legal knowledge and political
resources to do so. The Last sentence of this same code
uses the words "Date of Revocation", Petitioner contends
once again, that since T.D.C.S.-I.D. And Tex. B.P.P. both
violated rules governing the contractual process while He
unvoluntarily signed His parole certificate, no grounds for re-
vocation can exist. Accept by the commission of a
"NEW Felony OFFense" which would extend His sentence.
NO VALID parole constitutes no possible lawful revocation.
Gov. Code. 508. 283 (c) is not applicable. This Code is invalid
without there first being a revocation. There can be no re-

VOCATION UNLESS THERE WERE A VALID AGREEMENT to SPECIFIC CONDITIONS. THE PAROLE CERTIFICATE IS THE BINDING FRAME WORK for SUCH CONDITIONS AND by RULES ESTABLISHED IT MUST be fulfilled IN (3) THREE PARTS. IT MUST be SIGNED, AGREED to, AND ACCEPTED. GOV. CODE 508.283 HAS NO POWER STANDING ALONE. THERE MUST be A REVOCATION OF PAROLE CONDITIONS.

(6). PETITIONER MADE ARGUEMENT IN HIS ORIGINAL PETITION THAT T.D.C.J.-I.D. AND TEX. B.P.P. ARE VIOLATING THE LAWS THAT GOVERN SEPERATION OF POWERS. THE JUDICIAL BRANCH ACTING ON ITS OWN AUTHORITY GRANTED by THE TEXAS CONSTITUTION, FOUND THE PETITIONER GUILTY AND SENTENCED HIM TO 30 YEARS. THIS MEANS THE TOLL AND COMPUTATION OF TIME IS to be CONTINOUS AND CAN NOT be ALTERED by ANY AGENCY ACCEPT IN THE EVENT THE APPLICANT COMMITS A NEW FELONY OFFENSE THAT EXTENDS THIS ORIGINAL SENTENCE. FOR THE EXECUTIVE BRANCH WHICH boTH T.D.C.J.-I.D. AND TEX. B.P.P. ARE APART OF: to EXTEND THE SENTENCE IS A CLEAR VIOLATION OF SEPERATION OF POWERS. THE DUTIES OF T.D.C.J.-I.D. ARE OUTLINED IN GOV. CODE. 494.001 AND THOSE FOR THE PARDONS AND PAROLE DIVISION IN 493.005. IN NIETHER DOES IT STATES THAT THEY HAVE THE POWER TO OVER-RIDE JUDGEMENT HANDED DOWN by THE TRIAL COURT. CITE: TEXAS CONST. ART. 2 SEC. 1 THE SEPERATION OF POWERS PORTION OF THE TEXAS CONSTITUTION PROVIDES: THE POWERS OF GOVERNMENT OF THE STATE SHALL be DIVIDED INTO THREE DISTRICT DEPARTMENTS. EACH OF WHICH SHALL be CONFIDED TO A SEPERATE body OF MAGISTARY, to WHICH THERE ARE LEGISLATIVE TO ONE. THOSE WHICH ARE EXECUTIVE TO ANOTHER AND THOSE WHICH ARE JUDICIAL TO ANOTHER, AND NO PERSON OR COLLECTION OF PERSONS, BEING OF ONE OF THESE DEPARTMENTS SHALL EXERCISE ANY POWER PROPERLY ATTACHED TO EITHER OF THE OTHERS. EXCEPT IN THE INSTANCE HEREIN EXPRESSLY PERMITTED. CITE: ALSO, GENERAL SERVICES COMMISSION -VS- LITTLE-TEX INSULATION CO. INC. 39. S.W. 3d, 591... PETITIONER HEREBY CONTENDS THAT SINCE T.D.C.J.-I.D. AND TEXAS B.P.P. ARE A PART OF THE

EXECUTIVE Branch. They cannot interfere with the Judgement and Sentence handed down by the trial Court. (See also) T.C.C.P. Art. 42.01 and 42.02.

(7). Petitioner concludes his argument by citing: Exparte Hatcher 894 S.W. 2d. 364. Parole, on which has been released on from actual custody, may not be revoked for violations committed prior to implementation of the Parole. Since the Parole certificate is the binding force which implements the Parole into action. Cite: Clifford -vs- Beto 464 F. 2d 1191. Parole is an act of Grace of the sovereign that exacts committ- ments from the inimate and until such committment is communicated and accepted, parole is "in process, but not processed."

There is no Parole until all requirements of the contract are met. There can be no alteration of sentence by T.D.C.J-I.D. or Tex. B.P.P. without violation of separations of Powers and signing parole certificate is a serious legal proceeding which requires legal advice for all those who truly wish to understand the conditions of release on parole. If the executive branch interferes with the Judicial Branch and extends the original sentence in any way, this constitutes Doubler or Multiple Punishment, which will violate the **Double** Jeopardy Clause of the 5th Amendment of the U.S. Const. All Flat-Time done in connection with the original sentence including time consider. as legal custody while on Mandatory Super- visions should be granted.

(8). Petitioner further asserts that the state made false allegation about Tex. Gov. Code. 501. 0081 section (B) + (C). Petitioner Application for Writ of Habers Corpus was not only for (T.C.D.R.) "Time Credit Dispute Resolution" to resolve petitioner claims. Eventhough, petitioner has given Time Credit Resolution proper time required to resolve said problem. See (Exhibit B 3 of 4)

PETITIONER ARGUEMENT WAS BASED ON IMPROPER REVOCATION, AND multiple punishment towards petitioner, which cause Him to be unlawfully confined. Petitioner Also, continued to resolve calculation of time problem with the State, by constantly contacting them through "State Counsel for Offender" and "Board Pardon of Parole." (SEE. Exhibit C:1-6) T.D.C.J.-I.O. has refused to respond to petitioner request, which He has handled IN A proper manner to resolve said issues. THESE two Branchs of the State, T.D.C.J.-I.O. AND B.P.P. has been violation constitutional laws AND State Legislators As they see fit. THEY HAVE BEEN MANIPULATING AND eluding the courts by USING NEW LAWS to punish INMATES under old laws. OFFENDERS shouldn't be punished by RETROACTIVE INstallment by these two branchs of power. All grounds should be granted.

### CONCLUSION

Wherefore premises considered the PETITIONER respectfully prays that this HONORABLE Court grant relief requested and honor this Writ of Habeas Corpus. Petitioner Also hereby objects to All claims made by States Attorney and Criminal Court of Appeals. THEREFORE relief should be GRANTED WITH INSSUANCE of the Writ of Habeas Corpus RETURNED to the petitioner from this Court by operation of law, granted IN All this.

Respectfully Submitted
CLYDE E. SOPHUS
Clyde E. Sophus

−10−

CERTIFICATE OF SERVICE

Petitioner hereby certifys that this Writ of Habeas Corpus is true And object to Criminal Court of Appeals Original answers. U.S. Mail on the 5 day of May 2005.

Dutifully Submitted
CLYDE E. SOPHUS

*Clyde E. Sophus*

—11—1

Initial _____
Subsequent _____ ✓

**TEXAS DEPARTMENT OF CRIMINAL JUSTICE**
**PAROLE DIVISION**

**SPECIAL CONDITION "SISP"**
**IMPOSITION / WITHDRAWAL AND ACKNOWLEDGEMENT FORM**

*Exhibit*
*" A "*
*1 of 4*

**Section A:**   Name: _Sophus, Clyde Eugene_
(Please Print)

TDCJ#: ____444590____

**Section B: (Check applicable action)**

_____     The requirement(s) initialed below are IMPOSED as component(s) of Special Condition "SISP" as authorized by the SISP Parole Panel.

✓     The requirement(s) initialed below are WITHDRAWN as component(s) of Special Condition "SISP" as authorized by the SISP Parole Panel.

**Section C: (The following 2 components shall remain in effect during the SISP term of supervision. Initial each component)**

| Offender's Initials | Officer's Initials | |
|---|---|---|
| _____ | _____ | I shall be placed and remain on radio frequency electronic monitoring or any other monitoring system utilized by the Parole Division for the duration of my term of super-intensive supervision. I shall comply with all terms and conditions of such monitoring program. I shall comply with my daily activity schedule, as directed and documented by my parole officer, twenty-four (24) hours a day, seven (7) days a week. Travel beyond the county of residence for any reason shall be requested in advance and must be approved in writing by my parole officer and his or her supervisor. |
| 2. _____ | _____ | If I am residing at a community residential facility, I shall abide by all the rules of the community residential facility that I have been assigned to. I shall not leave the community residential facility except as approved by my parole officer. I shall pay 25 percent of my gross income to the community residential facility during my stay in the facility and comply with the terms and conditions of my financial obligations as specified in my contractual agreement with the community residential facility. |

**Section D (Initial applicable components)**

| | | |
|---|---|---|
| 3. _____ | _____ | I shall attend and participate in an adult basic education program. |
| 4. _____ | _____ | I shall attend and participate in District Resource Center (DRC) programming as directed by my parole officer. |
| 5. _____ | _____ | I shall actively seek and maintain full time employment and furnish proof of such job search to my parole officer on a weekly basis. |
| 6. _____ | _____ | I shall not unlawfully use drugs, narcotics or controlled substances. |

SSS-9730 (Rev. 5/14/01)

Initial
Subsequent ✓

| Offender's Initials | Officer's Initials | |
|---|---|---|
| | | |

7. _____ _____ I shall not use intoxicating inhalants.

8. _____ _____ I shall not consume alcoholic beverages.

9. _____ _____ I shall not enter an establishment where the primary function is the sale and dispensing of alcoholic beverages for on-premises consumption.

10. _____ _____ I shall submit to alcohol use testing.

11. _____ _____ I shall submit to urinalysis testing.

12. _____ _____ I shall not operate a motor vehicle or obtain rides in personal vehicles without written permission from my supervising officer.

13. _____ _____ I shall attend the following substance abuse counseling sessions:
_____
_____

14. _____ _____ I shall participate in the following substance abuse (alcohol/narcotics) treatment program:
_____
_____

15. _____ _____ I shall attend and participate in a mental health or mental retardation counseling or treatment program as directed by my parole officer.

16. _____ _____ I shall take prescribed medication as directed by my attending physician.

17. _____ _____ I shall not contact, attempt to contact, or affiliate with _____ gang or any other gang member.

18. _____ _____ I shall not engage in gang-affiliated confrontations, communications, gestures, or clothing and exhibition of colors.

19. _____ _____ I shall not remain in, on, or within 500 feet of premises where children commonly gather, including a school, day-care facility, playground, public or private youth center, public swimming pool, or video arcade facility.

20. _____ _____ I shall not supervise or participate in any program that includes participant or recipient persons who are seventeen (17) years of age or younger and that regularly provides athletic, civic, or cultural activities.

21. _____ _____ I shall not operate, cause to operate, secure employment in, participate in, or attend, go in, on, or within 500 feet of any sexually oriented business, including adult bookstores, massage parlors, adult video stores, or any business that provides adult entertainment, such as nude or partially-nude service, dancing, or exhibition.

Initial _____
Subsequent _____

| Offender's Initials | Officer's Initials | |
|---|---|---|

2. a. _____ _____ I shall not reside with, contact or cause to be contacted, any person seventeen (17) years of age or younger, in person, by telephone, correspondence, video or audio device, third person, media, or any electronic means, without the approval of my supervising parole

b. _____ _____ I shall not become involved in a dating, marriage, or platonic relationship with any person seventeen (17) years of age or younger, or with any person who has children 17 years of age or younger, without the approval of my supervising parole officer.

c. _____ _____ I shall not have any unsupervised contact with persons seventeen (17) years of age or younger. The supervisor of the contact shall be approved by my supervising parole officer.

3. _____ _____ I shall not possess, purchase or subscribe to any literature, magazines, books, or videotapes that depict pornography or sexually explicit images.

4. _____ _____ I shall not communicate with a person for sexually explicit purposes through telecommunications or any other electronic means, including 1-900 services.

5. _____ _____ I shall not subscribe to, operate, use, or communicate, on or by computer or otherwise Internet services, fax services, or electronic bulletin boards.

6. _____ _____ I shall not own, maintain, or operate computer equipment without a declared purpose and the authorization of my supervising parole officer.

7. _____ _____ I shall not own, maintain, or operate photographic equipment, including instant, still photo, video, or any electronic imaging equipment.

8. _____ _____ I shall submit to psychological evaluation.

9. _____ _____ I shall participate in and complete the following treatment program(s) for sex offenders:

_____

_____

0. _____ _____ I shall attend and participate in the following anger management or similar counseling program.

_____

_____

1. _____ _____ I shall attend and participate in the following family counseling:

_____

_____

2. _____ _____ I shall not contact, or cause to be contacted, in person, by telephone, correspondence, video or audio device, third person, media or by any electronic means, the victim or guardian of the victim of my instant offense.

3. _C.S._ _(signature)_ I shall pay restitution in accordance with my parole supervision plan.

Initial
Subsequent ____✓

| Offender's Initials | Officer's Initials | |
|---|---|---|

34. _____ _____ I shall inform any prospective employer or Temporary Service of my criminal history and my parole or mandatory supervision status.

**Section E:**

Comments:

_____
_____
_____
_____
_____

**Section F:**

I, *Sophus, Clyde Eugene*, understand and agree to abide by the above components of Special
(Offender's Printed Name)

Condition "SISP" as imposed or modified by my parole officer and as authorized by a parole panel.  I further understand that even if I refuse to sign this form, these components are still in effect.

*Clyde E. Sophus* _____          10 - 19 - 02
   Offender's Signature                              Date Signed

**Section G:**

Submitted by:                                   Approved by:

*[signature]*                                   *[signature]*
   Parole Officer's Signature                       Parole Supervisor's Signature

*L. Roberts*                                    *J. Anderson-York*
   Parole Officer's Printed Name                    Parole Supervisor's Printed Name

*10-19-02*                                      *10-21-02*
   Date                                             Date


ist:   Original – District File
         Copy – Specialized Programs, Central
         Copy – Offender
OTE:   This form may be filled out by hand.



# State of Texas

### TEXAS DEPARTMENT OF CRIMINAL JUSTICE
### PARDONS AND PAROLE DIVISION
### Certificate of Mandatory Supervision

*Exhibit "B1"*
*page 1 + 2*

Date of issuance: 02/07/2003

**Name**
SOPHUS, CLYDE EUGENE

**TDCJ #**
00444590

**SID #**
03604890

**Legal county of residence**
HARRIS

**Approved county of release**
HARRIS

*THIS WAS SIGNED AFTER
SEVEN YEARS OF RELEASE (SEE DATE*

**Cause#:** 463354

437353

463357

The Texas Department of Criminal Justice Institutional Division (TDCJ-ID) of the State of Texas has determined that said offender is eligible for Mandatory Supervision under the provisions of Chapter 508, Texas Gov't. Code. THEREFORE, the Texas Board of Pardons and Paroles (Board) hereby orders that said offender be released under Mandatory Supervision and shall immediately report to the office indicated below for supervision:

HOUSTON DPO 4
5400 N.SAM HOUSTON PKWY EAST
HOUSTON, TX 77032
(281)987-0001

**Go directly to your approved residential plan. Report to your Parole Officer by 9 A.M. the first working day after release date. Failure to do so will cancel further gate money and result in the issuance of arrest warrant.**

and shall be permitted to be at liberty in the legal custody of the State of Texas but subject to the orders of the Board and the Texas Department of Criminal Justice Parole Division, and under the rules and conditions of Mandatory Supervision herein. The period of Mandatory Supervision shall be for a period equivalent to the maximum term for which the offender was sentenced less calendar time actually served on the sentence. The time to be served under Mandatory Supervision is also calculated as calendar time. The certificate shall become effective when eligibility requirements for Mandatory Supervision under Chapter 508, Texas Gov't. Code have been met or when Mandatory Supervision is ordered by the Board of Pardons and Paroles.

STATUTORILY MANDATED CONDITIONS

Unless otherwise provided, I shall reside in the county in which I resided at the time I committed the offense for which I was sentenced to the Institutional Division or the county of the offense for which I was sentenced to the Institutional Division if I was not a resident of the State of Texas.
I shall demonstrate an educational skill level that is equal to or greater than the average skill level of students who have completed the sixth grade in a public school in the State of Texas.
I shall submit to testing for alcohol or controlled substances.
I shall not communicate directly or indirectly with the victim; go to or near the residence, place of employment, or business of the victim; or go to or near a school, day-care facility, or similar facility where a dependent child of the victim is in attendance.
I shall not intentionally or knowingly communicate directly or indirectly with, not intentionally or knowingly go near a residence, school, place of employment, or business of the victim of the offense for which I was sentenced to the Institutional Division.
I shall reimburse the State of Texas for the costs of any Post-Secondary Educational Programs in which I participated in TDCJ.
Upon written instruction from my supervising officer:
I shall participate in a drug or alcohol continuum of care treatment program.
I shall register as a sex offender under Chapter 62, Code of Criminal Procedure.
I shall not go in, on or within a distance specified by a parole panel of premises where children commonly gather, nor shall I supervise or participate in any Program that includes as participants or recipients, persons who are 17 years of age or younger, and I shall attend psychological counseling as specified by my supervising officer.
I shall perform not less than 300 hours of community service at a service project designated by a parole panel.

SPECIAL CONDITIONS
SISP - I shall comply with Super Intensive Supervision Program conditions.
SISP - Submit to electronic monitoring.
SISP - Comply with a daily activity schedule.
SISP - Not travel within or beyond county of residence without approval of supervising parole officer.
SISP - Actively seek employment.
SISP - Not unlawfully use drugs, narcotics, or controlled substances.
SISP - Not use intoxicating inhalants.
SISP - Not consume alcoholic beverages.
SISP - Not enter an establishment where the primary function is the sale and dispensing of alcoholic beverages for on-premises consumption.
SISP - Submit to alcohol use testing.
SISP - Submit to urinalysis testing.
SISP - Inform any prospective employer or supervision status.

ISSUED BY ORDER OF THE BOARD OF PARDONS AND PAROLES AT AUSTIN, TEXAS ON THE 7TH DAY OF FEBRUARY, 2003.

If mandatory supervision is satisfactorily completed, maximum expiration date will be: 03/26/2020

GERALD GARRETT
BOARD OF PARDONS AND PAROLES

Page 1

## Certificate of Mandatory Supervision
### GENERAL CONDITIONS OF MANDATORY SUPERVISION RELEASE

| | | |
|---|---|---|
| **Name** | **TDCJ #** | **SID #** |
| SOPHUS,CLYDE EUGENE | 00444590 | 03604890 |

In consideration of the release to Mandatory Supervision granted by the State of Texas, I do hereby accept such Mandatory Supervision. I recognize that my release is conditional based upon my performance of the following terms and conditions:

1. I shall upon release from the institution, report immediately, as instructed to my Parole Officer; thereafter, report as directed and follow all instructions from my Parole Officer.
2. I shall commit no offense against the laws of this State or of any other State or of the United States.
3. I shall reside in a specified place as approved by my supervising officer.
4. I shall not travel outside the State of Texas without the approval of my supervising officer.
5. I shall not unlawfully own, possess, use, sell, nor have under my control any weapon or illegal weapon.
6. I shall avoid persons or places of disreputable or harmful character.
7. I shall not enter into any agreement to act as "Informer" or special agent for any law enforcement agency without specific written approval of the Parole Division Director or designee.
8. I shall abide by all Special Conditions imposed upon me by the Board.
9. General Provisions:
   A. I hereby agree to abide by all rules of Mandatory Supervision including, but not limited to, the requirement that I appear at any hearings or proceedings concerning alleged violations of Mandatory Supervision as required by law of the jurisdiction in which I may be found or the State of Texas. I further agree and consent that the receiving state, if I am under the Interstate Compact Supervision, or any state wherein I may be found while on Mandatory Supervision or under Mandatory Supervision jurisdiction, may conduct such hearings as deemed necessary, proper or which may be required by law.
   B. In the event I am granted the privilege of residing in and being under the supervision of any other state or territory under the Interstate Compact for the supervision of Parolees pursuant to Article 42.11 Texas Code of Criminal Procedure and if for any reason I may be outside of the State of Texas, I hereby agree to waive extradition to the State of Texas from any jurisdiction in or outside the United States where I may be found. I further agree that I will not in any manner contest any effort by the State of Texas, or any state of jurisdiction, to return me to the State of Texas.
   C. I shall pay, during the period of my supervision, any and all outstanding fines, court costs and fees adjudged against me, to the clerk of the court of conviction, and I agree to provide my Parole Officer with documentation verifying payment of said amounts. I shall pay a supervision fee for each month that I am required to report to a Parole Officer as instructed by my Parole Officer.
   D. In the event I am placed in or allowed to reside in a halfway house or community residential facility, I hereby agree to go directly to and reside in the facility designated by the Parole Division until released by the Division. I shall abide by the rules of the facility and attend all required meetings. I shall not leave the physical confines of the facility and the property thereof, except for traveling to and from work, or as authorized by facility rules. During my stay, I shall pay 25% of my gross income to the facility if required. I shall leave all keys to any motor vehicle that I have use of with facility staff when the motor vehicle is not in use.
   E. As required by the Board, I shall obtain and keep in my possession a Texas Department of Public Safety (DPS) Personal Identification Card or Driver's License. I shall present said identification to law enforcement or Texas Department of Criminal Justice officials upon request.
   F. If I am released to a detainer and deported outside the international borders of the United States prior to the maximum expiration date shown on this Release Certificate, I shall not enter the United States unlawfully. In the event that I gain lawful entry into the United States, I shall report immediately, as instructed to the office shown on this Release Certificate. If at any time prior to the maximum expiration date shown on this Release Certificate said detaining agency fails to exercise custody, I shall immediately upon release (within 24 hours) report as instructed to the office shown on this Release Certificate.

I HEREBY CERTIFY that I fully understand and agree to be bound by each of the conditions under which I am being released. I further understand and agree that a violation or refusal to comply with any of the conditions of supervision may be sufficient cause for revocation of supervision. I understand that when a warrant or a summons is issued that the sentence time credit shall be suspended until a determination is made in such case and such suspended time credit may be reinstated should supervision be continued. I UNDERSTAND AND AGREE THAT WHILE UNDER SUPERVISION I REMAIN IN THE LEGAL CUSTODY OF THE STATE OF TEXAS SUBJECT TO THE ORDERS OF THE BOARD AND PAROLE DIVISION.

AGREED AND SIGNED

*Clyd C. Sophus* _____    2-25-03 _____
SOPHUS,CLYDE EUGENE                        Date

I hereby certify that these rules, regulations and conditions have been explained to the releasee and he/she has agreed to abide by the same upon release.

*Under Duress*

*U. Washington* _____    2-25-2003 _____
Parole Division Representative               Date

*I WAS RELEASED DEC. 17, @1999*

*THIS WAS SIGNED, WHILE AT HOME*

*Situation*

*Exhibit B2*

1 of 2

Oct. 15, 2003

TDCJ
Classification Record Office (Time Section)
P.O. Box 95
Huntsville, Texas 77242

RE: CLYDE E. SOPHUS #444590
GARZA WEST TF #095

To: Whom It may concern:

I wrote and explain to your staff, and I received: Explanation of "Prison" cumulative convictions. This has nothing to do with my complaint. My complaint is dealing with, wrongfully convicted, and correction of records.

The 4 years was wrongfully started because its not by the 30 year sentence which is agg, automatically covers the 4 year. My sentence of record is incorrect.

The indictment of the five years, is wrongfully incorrect from Madison County "Possession of a Weapon in a penal institution in "1998" was not a "Felony" infraction. It was a institutional infraction, which I was punish for.

I'm seeking correction of record, by this office There shouldn't have been a conviction in the first place. That's my point in case So, this conviction does not fall up on any law, because I was wrongfully convicted.

In conclusion of this matter. NO Judge in the State of Texas CAN stack a NON - zg offence on top of a zg sentence already imposed by, another Judge. Thats Law. Could some one in this office, please understand this complaint

I was wrongfully convicted in the first place. Madison County wrongfully produced a Indictment "Possession of a Deadly Weapon" when in fact there was not a deadly weapon tending. Check: Conclusion of Law and Finding of Facts, in the records It was a Illegal indictment.

Also, Ive done ISF time and 11 months of county time I SF was 60 something days, and back and forward county time for meaningless violation. Telephone not working and for being busy. Also my street time "3 yrs And some months Could you please help me with this matter. I'm seeking help, not conflict. Could I please recieve this time

Sincerely.

Abjah S. Johns

a.c. File

mr David Garrett (BPP)

SCFO

CRD (Time Credit Dispute Resolution.)

EXHIBIT C-1

9/25/04

CLYDE E. SOPHUS #444590
GARZA WEST UNIT
4250 Hwy. 202
Beeville, Tx. 78102

State Classification
P.O. Box 99
Huntsville, Tx 77342

Re: Restoration of Good Time

(1). I was convicted under the 65th Leg. or one-third law ÷ Begin Date 11-16-86. I was paroled under Art. 42.18 CCP and Back on violation without NEW FELONY conviction.

I'm requesting my time according to Gov. Code 498:004 (B) on return to the Department, Forfeited Good Time can be restored on a revocation without a New Felony Conviction. Because it is the same sentence, it can only be lost by violating a rule of the system (Art 6181-1 Sec 4).

Your time, efforts and all consideration will be Highly Appreciated.

cc/ Inmate File
    State Classification
    Unit Classification

Sincerely,
Clyde E. Sophus

*Exhibit C*

Oct. 2, 2004        MR. CLYDE JOPHUS
                    #444590
                    GARZA WEST
                    4250 HWY. 202
                    BEEVILLE, TX. 78102


Ms. BARBARA CLENDENNEN
  (LEGAL ASSISTANCE)
P.O. Box 4005
HUNTSVILLE, TX. 77342-4005


RE: FOUR YRS. NOT DELETED OFF TIME SHEET
     AND T.D.C.J. PRISON RECORDS


DEAR Ms. CLENDENNEN:

     Could you PLEASE HAVE MY RECORD CORRECTED.
I WENT BACK ON BENCH WARRANT (MADISON COUNTY)
AND DETAINER TIME WAS AWARDED (263) days, Also
"DEADLY OF A WEAPON" finding WAS dropped to
POSSESSION OF A WEAPON.
     T.D.C.J., still SHOWING A NON-3g 4YRS SENTENCE
stacked ON 30 YRS 3g. SENTENCE, but the JUDGE struck
my SENTENCE to A LESSER CHARGE, with time
SERVED. Its IN MY RECORDS. (FINDING OF FACTS AND
CONCLUSION OF LAW). THANK YOU FOR YOUR TIME.

                    SINCERELY,
                    Mr. Clyde Jophus

Exhibit C - 3

Nov. 15, 2004          CLYDE E. SOPHUS
                              #444590
                       GARZA WEST
                       4250 Hwy. 202
                       Beeville, Tx. 78102

Ms. Leea Moss
  (Legal Assistance)
P.O. Box 4005
Huntsville, Tx. 77342-4005

                                    Exhibit A - H

Re: 8355 The State of Texas -vs- Clyde E. Sophus

    Responding to your last legal advise, A crime
wasn't committed within T.D.C.S. A T.D.C.S.
infraction was committed, not a felony.
    Here, enclosed is a letter from District Clerk
Ms. Joyce Batson. (Exhibit -A) Please return.
T.D.C.S. didn't honor the courts order. These documents
are in my files at the Wallace Unit, that should
have been forward to T.D.C.S. Classification.
    I do not have a stacked sentence anymore, because
it was a illegal conviction, that was corrected
by the Judge. "Judge Sanders", in 1998 T.D.C.S.
has not corrected my records, which is causing
me to be in here longer than I have to.

cc Inmate File                 Sincerely, Clyde Sophus
                               Clyde Sophus

Exhibit - C - 4

DEC. 9, 2004

MR. CLYDE E. SOPHUS #444590
GARZA WEST. TF
4250 HWY. 202
BEEVILLE, TEXAS 77102

BOARD OF PARDON AND PAROLE
P.O. BOX 13401
CAPITOL STATION
AUSTIN, TX. 78711

RE: CAUSE NO. 8555
Style: THE STATE OF TEXAS — VS — CLYDE E. SOPHUS

TO: WHOM IT MAY CONCERN:

Madison County, AND State Counsel for Offenders
has informed me that All documents has been toward to
T.D.C.S. Classification, AND Record department. Now, I'm
asking that this department correct my sentence, by
deleting that 4 yrs off my sentence. According to
my Conculsion of Law AND finding of Facts, the 4 yrs.
is no longer stacked. Judge Sander from Madison
County corrected my time by granting me 262 days for
detainen, (which started his sentence) AND Dropped the
"Possession of A Deadly Weapon" to "Possession of A Weapon".
"Possession of A Weapon" in a penal institution wasn't a felony
infraction in 1988. It became a felony infraction in 1993
My sentence is not stacked, because Judge Sanders time started,
when a detainen was place on me. Creminal Court of Appeal is
aware of this. Could you please correct my sentence. Please
return documents
c.c. / Inmate File                    Sincerely,
                                    M. Clyde E. Sophus

Exhibit C-5

JAN. 23, 2005

CLYDE E. SOPHUS
TDCJ # 444590
GARZA WEST UNIT (095)

TDCJ RECORDS OFFICE
P.O. BOX 99
HUNTSVILLE, TEXAS 77342

RE: MR. CLYDE E. SOPHUS / CAUSE No: 8555 (TO WHOM IT MAY CONCERN)

THIS IS THE CAUSE No: OF THE CASE THAT WAS KNOCKED DOWN
TO A T.D.C.S. INFRACTION. 8555
MADISON COUNTY CLERK SAID THAT ALL DOCUMENTS WAS FORWARD TO
T.D.C.J. RECORDS OFFICE. IN CONCLUSION OF LAW AND FINDING OF
FACTS, MY SENTENCE WAS STRUCK BY JUDGE SANDERS OF MADISON
COUNTY COURT IN 1999, THE MONTH OF NOV.
THE INDICTMENT WAS "POSSESSION OF A DEADLY WEAPON IN
A PENAL INSTITUTION". THE SENTENCE WAS REDUCED TO "POSSESSION
OF A WEAPON", WHICH WAS IN FACT A T.D.C.S. INFRACTION, AND
NOT A FELONY INFRACTION IN 1988 OF JULY 15.
JUDGE SANDERS WAS CLEAR ON THAT MATTER, IN THE CONCLUSION
OF LAW AND FINDING OF FACTS. I'M ASKING THIS OFFICE TO CORRECT
MY RECORDS ON MY 30 YR. SENTENCE, BECAUSE MY TIME SHEET
IS SHOWING 34 YR. SENTENCE, WHICH IS INCORRECT. THE 4 YRS,
IS NO LONGER STRUCKED, BECAUSE ITS NOT A FELONY OFFENSE.
POSSESSION OF A WEAPON DIDN'T BECOME A FELONY OFFENSE
UNTIL 1993 LEG. IN A PENAL INSTITUTION. MY CASE WAS IN 1988,
AND JUDGE SANDERS WAS AWARE OF THAT MISTAKE. THESE FACTS
IS ON THE DOCUMENTS OF THE COURT PAPERS THAT WAS SENT TO
THIS OFFICE. THANK YOU FOR YOUR TIME. THIS IS MY SECOND ATTEMPT.

cc/FILE OF INMATE

SINCERELY,
Clyde E. Sophus

**TIME CREDIT DISPUTE RESOLUTION**

*Exhibit "E"*

TO: [✓] Time Section
Classification and Records Headquarters
BOT Warehouse    Huntsville, Texas

[ ] Intake/Classification
State Jail Facility

Mark the appropriate box(es).

DATE: 9/30/04

OFFENDER NAME: CLYDE E. SOPHUS

TDCJ NO.: 444590

*My Copy*

[ ] Sentence Begin Date
[ ] Commitment Information
[ ] Time Earning Status
[ ] County Jail Time
[ ] Bonus Time

[ ] Projected Release Date/Maximum Expiration Date
[ ] Up-front Release Date/State Jail Release Date
[ ] Parole Date
[✓] Other: 4 YRS DELETED

Explain the problem in your own words. I WENT back to MADISON COUNTY ON BENCH WARRANT AND THE JUDGE "STRUCK" MY SENTENCE to A lesser degree. THE Deadly WEAPON Finding WAS dropped to "POSSESSION OF A WEAPON" AND DETAINER TIME WAS AWARDED. THE SYSTEM FILE IS Still SHOWING 4 YRS. "STACKED" ON 30 YEARS ORIGINAL SENTENCE. WHICH IS 3g. OFFENSE). THE 4YRS. IS NOT. (FINDING OF FACTS AND CONCLUSION LAW). ←SEE

☆CL-147 (3/00)

Exhibit: D - 10 pages

# TEXAS DEPARTMENT OF CRIMINAL JUSTICE - PAROLE DIVISION

## SISP / ELECTRONIC MONITORING PROGRAMS OFFENDER DAILY SCHEDULE

| Day and Date | HOME | | WORK/JOB SEARCH | | COUNSELING / EDUCATION PERSONAL BUSINESS | |
|---|---|---|---|---|---|---|
| | Out | In | Time | Address | Time | Address |
| Monday 1/27/03 | 630 | | | No Activity | | |
| Tuesday 1/28/03 | 630 | 1:00 | 9:00 / 9:30 | Big Tyme Barber 1235 Homestead Houston Tx 77016 281-987-8223 | | |
| Wednesday 1/29/03 | 630 | 7:00 | 9:30 / 9 | Big Tyme Barber 1235 Homestead Houston Tx 77016 281-987-8223 | 9:00 / 10:00 | Nelson Reed 4446 N. Wayside 713-643-7832 |
| Thursday 1/30/03 | 630 | 7:00 | 9:00 / 9:30 | Big Tyme Barber 1235 Homestead Houston Tx 77016 281-987-8223 | | |
| Friday 1/31/03 | 8:30 | 7:00 | 9:00 / 9:30 | Big Tyme Barber 1235 Homestead Houston Tx 77016 281-987-8223 | | |
| Saturday 2/1/03 | 630 | | | No Activity | | |
| Sunday 2/2/03 | 600 | | | No Activity | | |

I have read my daily schedule and I am aware that I am expected to be home, work, counseling / educational programs, or attending to approved personal business as noted above.

Leasee's Printed Name/TDCJ#/ Home Address: Kevin Williams

Releasee's Signature: Kevin O. Williams        Date: 1/21-03

# TEXAS DEPARTMENT OF CRIMINAL JUSTICE - PAROLE DIVISION

## SISP / ELECTRONIC MONITORING PROGRAMS OFFENDER DAILY SCHEDULE

| Day and Date | HOME Out | HOME In | WORK/JOB SEARCH Time | WORK/JOB SEARCH Address | COUNSELING / EDUCATION PERSONAL BUSINESS Time | COUNSELING / EDUCATION PERSONAL BUSINESS Address |
|---|---|---|---|---|---|---|
| Monday 1/07/03 | | 7:00 | 7:00 | Rotha Henry Big Colmes | | |
| Tuesday 1/08/03 | 8:30 | 7:00 | 9:00 | Big Tyner Barber 11635 Homestead Houston Tx 77016 281-987-8223 | 9:00 9:30 | 114-Dudd SHOON Sw Houston |
| Wednesday 1/09/03 | 6:30 | 7:00 | 10:00 | Big Tyner Barber 11635 Homestead Houston Tx 77016 281-987-8223 | | |
| Thursday 1/30/03 | 6:30 | 7:00 | 10:30 | Big Tyner Barber 11635 Homestead Houston Tx 77016 281-987-8223 | | |
| Friday 1/31/03 | 9:30 | 7:00 | 9:00 | Big Tyner Barber 11635 Homestead Houston Tx 77016 281-987-8223 | | |
| Saturday 4/1/03 | | | | No Activity | | |
| Sunday 1/26/03 | | | | No Activity | | |

I have read my daily schedule and I am aware that I am expected to be home, work, counseling / educational programs, or attending to approved personal business as noted above.

Releasee's Printed Name/TDCJI/7 Home Address  _H. Washington_

Releasee's Signature  _____  Date 1/11/03

# TEXAS DEPARTMENT OF CRIMINAL JUSTICE - PAROLE DIVISION

## SISP / ELECTRONIC MONITORING PROGRAMS OFFENDER DAILY SCHEDULE

| Day and Date | HOME | | WORK/JOB SEARCH | | COUNSELING / EDUCATION PERSONAL BUSINESS | |
|---|---|---|---|---|---|---|
| | Out | In | Address | Time | Time | Address |
| Monday 1/16/03 | ✓ | | No Activity | | | |
| Tuesday 1/21/03 | ✓ | 2:30 | | | 11:30 | HU - Purole |
| | | | | | 12:30 | 5100 N. Sam Houston |
| | | | | | | 281-987-0001 |
| Wednesday 1/22/03 | 12:30 | 1:30 | | | 12:30  1:30 | Pre-School # 181 # |
| | | | | | 1:30  10:30 | Wilson Releav |
| | | | | | | 414 N. Freeny |
| | | | | | | Houston, TX 713-697-6000 |
| | | | | | 11:30  2:00 | DPS - HU Purole |
| Thursday 1/23/03 | ✓ | | No Activity | | | |
| Friday 1/24/03 | ✓ | | No Activity | | | |
| Saturday 1/25/03 | ✓ | | No Activity | | | |
| Sunday 1/19/03 | ✓ | | No Activity | | | |

I have read my daily schedule and I am aware that I am expected to be home, work, counseling / educational programs, or attending to approved personal business as noted above.

Releasee's Signature _____  Date 1-21-03

Releasee's Printed Name/TDCJ# / Home Address _____ Washington

## TEXAS DEPARTMENT OF CRIMINAL JUSTICE - PAROLE DIVISION
### SISP / ELECTRONIC MONITORING PROGRAMS OFFENDER DAILY SCHEDULE

| Day and Date | HOME Out | HOME In | WORK/JOB SEARCH Time | WORK/JOB SEARCH Address | COUNSELING/EDUCATION Time | PERSONAL BUSINESS Address |
|---|---|---|---|---|---|---|
| Monday 2/1/03 | | | | No Job | | |
| Tuesday 2/8/03 | | | | Brett 281-890-3 | | Houston, UPRO Houston, Bush Houston DR1-987-000/ |
| Wednesday 2/9/03 | | | | B&G 281-890-3 | | McQueen/Abreu |
| Thursday 2/20/03 | | | | | | Flying Theo 713-857-4020 |
| Friday 2/6/03 | | | | | | |
| Saturday 2/22/03 | | | | | | |
| Sunday 2/1-03 | | | | No Autority | | |

I have read my daily schedule and I am aware that I am expected to be home, work, counseling, educational programs, or attending to approved personal business as noted above.

Release's Printed Name/TDCJ# / Home Address

Releasee's Signature _____ Date 2-1-03

# TEXAS DEPARTMENT OF CRIMINAL JUSTICE - PAROLE DIVISION

## SISP / ELECTRONIC MONITORING PROGRAMS OFFENDER DAILY SCHEDULE

| Day and Date | HOME In | HOME Out | WORK/JOB SEARCH Time | WORK/JOB SEARCH Address | COUNSELING / EDUCATION PERSONAL BUSINESS Time | COUNSELING / EDUCATION PERSONAL BUSINESS Address |
|---|---|---|---|---|---|---|
| Monday 2/1/03 | | 4:0 | | No Rest to Job | | |
| Tuesday 2/1/03 | 8:30 | 5:00 | 10:00 | Big Tymer Barbu 955 Houston Tx 281-991-8285 | 8:30 93 | Big Tymer Barbu 5000 Sunfora St 281-980-000 |
| Wednesday 2/1/03 | | 5:00 | 9:00 | Big Tymer Barber 955 Houston Tx | 10:00 | Ace Hud Home 4122 N. Main 713-697-1830 |
| Thursday 2/1/03 | | 5:00 | 9:00 | Big Tymer 955 Houston Tx 281-991-8285 | | |
| Friday 2/1/03 | 8:30 | 4:30 | 9:00 | Big Tymer Shop Houston Tx 281-991-8285 | | |
| Saturday 2/1/03 | 4:0 | | | No Rest to Job | | |
| Sunday 2/1/03 | 4:0 | | | No Rest to Job | | |

I have read my daily schedule and I am aware that I am expected to be home, work, counseling / educational programs, or attending to approved personal business as noted above.

Releasee's Signature _____   Date 8/4/03

_____   Date 2/05

Releasee's Printed Name/TDCJ# Home Address

# TEXAS DEPARTMENT OF CRIMINAL JUSTICE - PAROLE DIVISION

## SISP / ELECTRONIC MONITORING PROGRAMS OFFENDER DAILY SCHEDULE

| Day and Date | HOME Out | HOME In | WORK/JOB SEARCH Time | WORK/JOB SEARCH Address | COUNSELING / EDUCATION PERSONAL BUSINESS Time | COUNSELING / EDUCATION PERSONAL BUSINESS Address |
|---|---|---|---|---|---|---|
| Monday 3/3/03 | | | | No Work | 8:30 9:00 | Houston TxDot 5602 W. Scientific 281-487-8001 |
| Tuesday 3/4/05 | 9:00 AM | 10:00 AM | | Big Lake Houston 281-590-8205 | 10:00 10:30 | Longmont Blvd Allison Rivers |
| Wednesday 3/5/03 | | | | Big North 11:35 Nova St | 9:30 10:30 | 713-657-68-28 713-657-68-28 |
| Thursday 3/6/03 | | | | Big Timber Houston Tx 281-590-8205 | | |
| Friday 3/7/03 | | | | Houston Tx 281-590-8205 WhareHouse | | |
| Saturday 3/8/03 | | | | No Work | | |
| Sunday 3/9/03 | | | | | | |

I have read my daily schedule and I understand that I am expected to be home, work, counseling / educational programs, or attending personal business as at times noted above.

Releasee's Signature _____ Date 3-2-03

Releasee's Printed Name _____ Home Address _____