IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CLYDE E. SOPHUS, § § *Petitioner*, § v. § DOUGLAS DRETKE, § Director of the Texas Department § of Criminal Justice - Correctional § Institutions Division § § *Respondent*. § | CIVIL ACTION: H-05-1694 |

## MEMORANDUM AND RECOMMENDATION

Petitioner Clyde E. Sophus's application for writ of habeas corpus pursuant to 28 U.S.C. §§ 2241 and 2254 has been referred to this magistrate judge for a report and recommendation (Dkt. 3). Respondent has filed a motion for summary judgment (Dkt. 7), to which petitioner Sophus has responded (Dkt. 9). The court recommends that respondent's motion be granted and Sophus's application be denied.

## BACKGROUND

Sophus was convicted in state court of two counts of aggravated robbery based on his plea of guilty on February 5, 1987 and was sentenced to 30 years in prison. On November 22, 1989, Sophus was convicted of possession of a weapon in a penal institution and sentenced to 4 years, to run consecutive to his 30 year sentence. Sophus filed two applications in state court for writ of habeas corpus in 1999. The first, filed June 16, 1999,

was denied without written order on August 18, 1999. The second, filed November 5, 1999, was dismissed on March 1, 2000.

On December 1, 1999, the Board of Pardons and Paroles granted Sophus release under mandatory supervision. Sophus signed a Certificate of Mandatory Supervision on December 17, 1999, thereby agreeing to abide by numerous general and special conditions. A second Certificate of Mandatory Supervision was issued February 7, 2003, again setting forth numerous special and general conditions. Sophus signed that certificate on February 25, 2003. According to Texas Department of Criminal Justice (TDCJ) records, Sophus's projected discharge date is March 26, 2020.

In May, 2003, Sophus was arrested for possession of marijuana. One of the conditions of his mandatory supervision was that commit no offense against the laws of any state or the United States. After a hearing, hearing officer of the Board of Pardons and Paroles revoked mandatory supervision. Hearing records dated June 20, 2003 indicate that Sophus's scheduled discharge date was March 26, 2020. Sophus filed three state court applications for writ of habeas corpus on June 29, 2004 making claims similar to those he asserts here. The Texas Court of Criminal Appeals on April 6, 2005 dismissed each application without written order based on Texas Government Code 501.0081(b)-(c) because Sophus was required to first pursue his time-credit complaints through an administrative dispute resolution process.

Sophus does not challenge his convictions, but complains that the revocation of his parole was in violation of double jeopardy and that his sentence has been lengthened by the Board of Pardons and Paroles in violation of the constitution. Although he makes many arguments, including violations of separation of powers and wrongful exploitation of inmate labor, all of Sophus's complaints stem from two events: the stacking of his four year sentence on top of his 30 year sentence and the revocation of his parole.[1] Respondent counters that Sophus's claims are unexhausted, barred by the statute of limitations, and without merit.

## ANALYSIS

**A.    Exhaustion**

Section 2254(b)(1) of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides that a petitioner is not entitled to federal habeas relief unless:

(A)    the applicant has exhausted the remedies available in the courts of the State; or

(B)    (i)    there is an absence of available State corrective process; or

(ii)    circumstances exist that render such process ineffective to protect the rights of the applicant.

---

[1] Respondent reasonably construes Sophus's petition to allege as follows: (1) the Board lengthened his sentence from 30 to 34 years; (2) he was denied credit for time spent on mandatory supervision ("street time") in violation of double jeopardy because he is serving his sentence more than once; (3) he was wrongfully denied street time credit; (4) his previously earned good time should not have been forfeited upon revocation; (5) his mandatory supervision should not have been revoked because he did not commit a new felony; (6) the conditions of his release were too demanding; (7) the Board and TDCJ are violating the doctrine of separation of powers; (8) his mandatory supervision contract was invalid because he signed it under duress. Respondent's motion, at 1-2.

While Sophus did present his claims in his June 2004 state court writ applications, the Texas Court of Criminal Appeals dismissed those applications without addressing the merits. *See Ex Parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) (explaining the distinction between a dismissal, which is not a ruling on the merits, and a denial, which is). Therefore, the state court has not yet addressed these claims and they are unexhausted. However, where claims are time-barred or otherwise without merit, the court may deny relief despite the lack of exhaustion. 28 U.S.C. § 2254(b)(2).

**B.   Statute of Limitations**

Section 2244 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides as follows:

(d)(1)  A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

 (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).  Sophus's claims are governed by § 2244(d)(1)(D).

As to Sophus's claims arising out of his thirty-four, as opposed to thirty, year sentence, Sophus became aware of this fact at the time of his conviction in 1989. The judgment in the 1989 case clearly states the terms of the plea bargain as "four years stacked in T.D.C. [sic]." It is clear that Sophus was aware of this issue when he sent a letter dated November 17, 1998 to the clerk of the Court of Criminal Appeals arguing that because the deadly weapon finding was deleted from his judgment, he should not have to serve an additional four years. He should have been reminded of this issue again in 1999, when he was asked to sign papers stating that his expected discharge date was in 2020, not 2016. Thus, all claims related to Sophus's four-year sentence being stacked on his thirty-year sentence are time-barred.[2]

Sophus became aware of the facts giving rise to his claims challenging the constitutionality of his parole revocation at the time of the revocation, June 20, 2003. Thus, his one-year statute of limitations expired on June 20, 2004. Sophus did not file his state

---

[2] Sophus points out that in 1998, the judge issued an order *nunc pro tunc* to delete any "deadly weapon finding" in the 1989 judgment. However, the *nunc pro tunc* order did not alter the sentence imposed.

5

court writ application until June 29, 2004. Thus, his federal limitation period was not tolled for the period during which his state court application was pending. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Sophus's federal petition for writ of habeas corpus, filed May 11, 2005, is time-barred.

### C. Merits

The Court notes in brief that in addition to being unexhausted and time-barred, Sophus's claims are also without merit. Sophus's parole was revoked because he was convicted of misdemeanor possession of marijuana, a clear violation of the conditions of his parole. Upon revocation, he began serving the remainder of his sentence, without credit for the time he was on mandatory supervision.

A prisoner has no constitutional right to have "street-time" credited as calendar time against his sentence. Under federal law, a prisoner does not receive credit for time spent on parole if the prisoner violates the terms of his release. *Thompson v. Cockrell*, 263 F.3d 423, 426 (5th Cir. 2001). Likewise, Texas law requires a prisoner such as Sophus to serve his whole remaining term upon revocation of parole.[3] *Morrison v. Johnson*, 106 F.3d 127, 129 and n.1 (5th Cir. 1997). The requirement to serve the entire sentence, without street time credit, does not constitute double jeopardy. *Id.* Moreover, there is no authority for the proposition that parole can only be revoked upon commission of a new felony.

---

[3] While Texas law provides that in certain circumstances an inmate is entitled to street-time credit, this relief is not available to Sophus because his aggravated robbery convictions involve use of a deadly weapon. TEX. GOV'T CODE § 508.283(c).

Sophus's complaint about forfeiting good-time is without merit. Good-time credits are a privilege, not a constitutional right. *Hallmark v. Johnson*, 118 F.3d 1073, 1079 (5th Cir. 1997). Forfeiture of good-time credits after revocation of parole does not constitute a constitutional violation. *Thompson*, 263 F.3d at 428. Sophus was given a revocation hearing, and there is no argument or evidence that this hearing failed to provide due process. In any event, Sophus offers no evidence of what good-time credits previously earned by him have been eliminated.

Sophus's attempt to use the common law of contracts to invalidate the conditions of his mandatory supervision is frivolous. As expressly stated on the form imposing special conditions, signing the acknowledgment of the conditions of release is not a pre-condition to their validity. Sophus does not allege he was unaware of the conditions, only that he did not agree to them. If nothing else, Sophus agreed to abide by the conditions when he did not voluntarily return to jail.

Finally, the principle of separation of powers found in the United States Constitution does not apply to the states. *Shelton v. City of College Station*, 780 F.2d 475, 481 n.2 (5th Cir. 1986) (*en banc*). Sophus is not entitled to federal habeas relief to correct an alleged violation of state law that is not a violation of federal law. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

## **CONCLUSION AND RECOMMENDATION**

For the reasons discussed above, the court recommends that respondent's motion be granted and petitioner's application for writ of habeas corpus be denied.

The parties have ten days to file written objections. Failure to file timely objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See* FED. R. CIV. P. 72.

Signed at Houston, Texas on August 22, 2005.

Stephen Wm Smith
United States Magistrate Judge